The plaintiffs and the defendant in this case are the owners of two contiguous tracts of land situated on the west side of Bayou Teche in the Parish of St. Martin. The property of the plaintiffs is owned in fee simple by Mrs. Agnes Oreline Moss, wife of Agricole Olivier, who joins her as party plaintiff in his capacity as head and master of the community existing between them. This property is situated south of that of the defendant, Labbe Melancon.
From the allegations contained in the petition of the plaintiffs, it is made to appear that the boundary line between the two properties was wrongfully established and they desire, by this proceeding, "to have the same definitely fixed in the manner prescribed by law." They allege that since he has acquired his property, the defendant has caused a fence to be erected between them, at the eastern end of the north boundary *Page 684 
and that through error the said fence was not placed on the correct boundary line; that in addition, defendant has taken into his possession and is cultivating a strip of their land in the western portion thereof, said strip measuring 51.2 feet on the west and tapering towards Bayou Teche where it measures 12.5 feet, thus comprising an area of 3.36 arpents.
Plaintiffs next allege that they have endeavored to obtain the consent of the defendant to fix the boundary line between their respective properties extrajudicially, but that he refuses to have the matter settled amicably, insisting that the fence as it now stands between the properties is the true dividing line between them. Under the circumstances they further allege that it is necessary to have a judicial fixing of the boundary line, in the manner prescribed by law, and that a sworn surveyor should be appointed by the court for the purpose of making a proper survey of the two tracts of land and of ascertaining the correct limits of each.
The prayer of the petition is that "a surveyor be appointed by the court, and sworn to inspect the premises and make a survey of the land, ascertain their limits, and make a procès verbal of his work, in the presence of two witnesses, and file the same in court, according to law; and that, after due proceedings had, there be judgment in favor of the petitioner, and against the said Labbe Melancon, establishing the boundary line between their contiguous properties and ordering the defendant to remove to the said boundary line the fence now encroaching upon petitioner's property."
The district judge granted the necessary order, appointed W. K. Frantz, Jr., a sworn surveyor of this State, in accordance with the prayer of the petition. The surveyor Frantz, in due course, took the necessary oath and after having given the parties interested the necessary notice, according to law, made a survey of the two properties and established what he found to be the proper boundary line between them. He made the necessary procès verbal, with a sketch of his survey attached thereto, and filed the same in court. According to the procès verbal it is made to appear that in answer to the notice given to him, the defendant appeared together with the parties plaintiff in the suit, and was present during the time the survey and the fixing of the boundary line was established.
The procès verbal is dated January 15, 1947 and it was filed in court on January 17, 1947. After it had been filed the defendant appeared in court urging that his attorneys had informed him that they had not had sufficient time to examine and study the report of the surveyor and prepare a defense to the suit. He obtained an extension of time in which to file his pleadings. At the expiration of the delay granted the defendant appeared and filed what is labeled a "motion to strike". In substance, this motion impresses us as being an exception to the form of the action instituted by the plaintiffs in that defendant contends that plaintiffs, having prayed for the recovery of a certain portion of land which they allege defendant had taken into his possession, under a fence, the action is petitory rather than a suit in boundary. Since a petitory action does not provide for the making of a survey, defendant avers that all of the allegations of the petitioners in respect thereto, are wholly irrelevant and should be stricken from the petition, as well as the order directing the surveyor to inspect the premises, survey the same and make his report to the court.
On the same day, the defendant filed another motion in which he contended that the procès verbal made by the surveyor, and which was filed in court, was null and void and of no effect for the reason that it was not made in the presence of two witnesses, called for that purpose, nor did two witnesses sign it, all as is required by law. Within a very few days, this admitted discrepancy in the procès verbal was corrected by a supplemental one and no further objection seems to have been made on that point.
Thereafter, the surveyor, W. K. Frantz, Jr., filed a motion in court showing that his services, including all of his expenses incurred in making the survey amounted to the sum of $826.17 and he asked that the fee, in that sum, be taxed as costs in *Page 685 
the matter. After a rule had been taken on the parties, this was properly ordered by a judgment of court signed on March 20, 1947. In the meantime, defendant had filed an exception of no right or cause of action. On May 27, 1947, the district judge ruled on the motions which had been filed on behalf of the defendant, dismissing the same. Apparently there was no ruling made on the exception of no right or cause of action. We can only presume that that was because the same issues were involved in the exception as were urged in the motions to strike.
In the reasons for his ruling, filed by the trial judge, we find that he dismissed the contention that the procès verbal was not complete because of failure of witnesses to have attested it, by simply stating that the defects complained of had been cured by the new procès verbal which was later filed. As just stated, no further mention is made of that point. The reasons assigned by him for overruling the motion on the other grounds presented, we will discuss later.
After all of these preliminary motions had been disposed of, the defendant filed his answer in which, with the exception of admitting the respective ownership of the two tracts of land involved, he denies practically all of the allegations contained in plaintiffs' petition. He then alleges that he acquired his property from certain parties who owned the same in indivision and had had the same partitioned and that the property he owned was described as Lot No. 4 of a plat of survey made by Val. E. Smith, Civil Engineer, on October 26, 1933, which plat is attached to the said act of partition, a copy of which he attached to his answer. According to that plat, the southwestern boundary of his land is indicated by an iron stake imbedded in an old oak tree and the southern boundary is a line running from that stake at an angle of north 70 degrees, 22 minutes east. He avers that plaintiff, Agricole Olivier, approached him several times requesting that a survey of their properties be made and a boundary line established, but that he pointed out to him the boundary as fixed on the plat of survey made by Val E. Smith, and that it constituted the boundary line between them. He next alleges that the boundary line established by W. K. Frantz, Jr., the surveyor appointed by the court, is exactly the same line as the line set out by Smith in his survey made on October 26, 1933. In effect therefore, his defense on the merits is that there was no necessity whatever for the court to order a survey and a judicial establishment of the boundary line and he accordingly prays that the suit of plaintiffs be dismissed and their demands rejected at their costs.
The case was finally tried on the merits after which there was judgment in favor of the plaintiffs, homologating the procès verbal of the surveyor appointed by the court and accordingly fixing the boundary between the two properties in accordance with the same and with the plat drawn in connection therewith, and ordering that suitable monuments be placed along the boundary line as established. The court cast the defendant with all costs, including the fees and expenses of the survey which amounted to the sum of $826.17 as already stated. We might mention here that the bone of contention on this appeal, which was taken by the defendant from the judgment so rendered, is with regard to the payment of that fee and those expenses.
Reverting now to the issue raised by the defendant on his so-called motion to strike, we find that the trial judge, at considerable pain and trouble, differentiated between a petitory action and a suit in boundary, in order to reach the conclusion that this was an action in boundary and not petitory as contended by the defendant. He also devoted some time to discussing the proposition that the order of the court for the appointment of a surveyor was not premature, as also contended by the defendant, basing his reason on the fact that the granting of such an order is a matter which rests largely in the discretion of the trial judge. In view of the provisions of Article 837 of the Civil Code, and especially as it was interpreted in a decision of the Supreme Court, we wonder whether the defendant, who as we have already indicated was properly notified by the surveyor appointed by the court, and, according to the procès verbal, was present and actually participated in *Page 686 
the survey, had not waived any right he may have had to question the propriety or impropriety of the court granting such an order.
The article in question reads as follows: "If, before the surveyor has finished the work, or set up the boundaries, the parties interested, or any of them, shall make opposition thereto, the surveyor must desist, and refer the parties to the court, to have a decision on their respective rights, after having made mention of the opposition in his procès verbal, and the reason for the same, if any be alleged." It seems that one of the purposes of this article is to forestall and avoid an issue such as the one that is now involved in this suit; that is the necessity for a new survey when one of the parties has reason to believe, or ascertains during its progress, that it will result in establishing the same boundary as has already been established in a former survey. In other words, just as has happened in this case, the defendant who was present when the survey was being made, with every opportunity then of noticing that the line to be established by the surveyor would be the same line, as he now contends, was established by the Smith survey in 1933, was called on then to make his opposition, without filing any proceedings, and upon the filing of his objection, the work would have been stopped immediately and the parties would have been referred to the court at that time by the surveyor to have the court pass on his opposition.
The case which we referred to a moment ago in which this article was cited is that of Dufrene v. Bernstein, 190 La. 66,181 So. 859, 861. There, the court stated that the codal articles governing the making of surveys, whilst requiring the surveyor to notify the owners interested to be present, do not require their actual presence, and, "moreover" says the court, "if the defendant wished to have the survey discontinued, it was his duty to make opposition thereto in accordance with Article 837 of the Revised Civil Code." The inference seems to be that even if the owner is not present, after he is properly notified, it is his duty to report to the surveyor any objection or opposition before the survey is finished, otherwise, he may be deemed to have waived any objection or opposition he may want to make. That, it occurs to us, would dispose of the motion to strike in this case and it would be unnecessary to discuss the propositions set out in the district judge's reasons for over-ruling the motions, although we may state here that we fully agree with what he has to say. The relief which a pleader seeks in any suit is usually controlled by the demand made in the prayer of his petition. We took the trouble in referring to the petition of the plaintiffs to state in quotation, the relief sought by them and the demand made in their prayer, and we believe that there can be no doubt that the suit is one to have a boundary line established between them and the defendant. It is not a petitory action in any sense of what is meant by such an action. The demand that the defendant be ordered to remove the fence which allegedly was encroaching upon the property of the plaintiffs was purely incidental and could not in any way control the allegations of the petition that plaintiff had endeavored to obtain the defendant's consent to fix the boundary line between the parties, extrajudicially, and upon his refusal to do so, it became necessary to have the boundary line judicially fixed.
On the merits of the case it looks as though we are concerned with a question of fact. That question is whether the defendant had actually refused to have the boundary fixed extrajudicially or not. If he did, and was arbitrary in his refusal, he was properly taxed with the costs of the survey for, according to the decision in the same case of Dufrene v. Bernstein (supra), the Supreme Court held, as it states, had been repeatedly done before, that where a party, "declined to settle the boundary amicably with the adjacent owner and forced him to resort to litigation", Article 663 of the Civil Code which grants one the right to have the limits of his estate established and boundary stones placed, at equal expense between him and his neighbor, does not apply and "equity requires that he should bear the burden of the costs if cast." Several cases are cited in support of its holding. *Page 687 
From the facts it appears that the two extremities of the line on the southern boundary between the two properties had been generally recognized and was actually recognized by the parties to this suit. The line had never been marked by monuments of any kind. Whether her the fence that has been referred to, running along the east end of the southern boundary, had been erected by the defendant himself, or by someone else as he claims, the fact remains that there was a fence there and it was not on the line. There is evidence also to show that there were some rows of land on the plaintiffs' side of the line that were being cultivated by the plaintiff. Whether that cultivation was being done for his own benefit or under some form of agreement he had, was immaterial as far as the line was concerned because admittedly the cultivated portion of the land encroached on the plaintiffs' side of the line. The defendant's contention seems to be that he and the plaintiffs could have fixed the proper line without the necessity of having a survey made by a civil engineer. He says that he suggested to plaintiffs that they get together and draw a line between the two recognized corners by using flags, or poles. In view of the length of the distance between the two corners, which is said to be 15 arpents or so, we hardly think this would have been practical. At least the plaintiffs did not think it could be done since they found it necessary to engage a surveyor, Mr. Herman Beinvenue, at their own expense sometime during the year 1946, to establish the correct boundary line. Mr. Bienvenue started his work and in doing so found it necessary to go upon the defendant's property, and when he did so, the defendant refused to allow him to go on. He accordingly discontinued the work he had undertaken and that is when the plaintiffs found it necessary to go to court and have a surveyor appointed by the court to fix the line.
Under the facts as found by the trial judge, which we believe are clearly revealed by the evidence found in the record, we conclude that he was correct in holding that this defendant acted in bad faith and that accordingly, the provisions of Article 663 of the Civil Code calling for the work to be done by the surveyor, in cases of this kind at the joint expense of the parties, did not apply and that further, under the decision of the Supreme Court in the case of Dufrene v. Bernstein, (supra) equity required that the expenses be borne solely by the defendant.
For the reasons stated the judgment appealed from is affirmed at the costs of the defendant, appellant herein.